UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
JAN 19 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-460-JMH

JOE ALEX ROBERTSON                                                                    PETITIONER

**MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS, ET AL.                                          RESPONDENT

Joe Alex Robertson, an individual currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2241 [Record No. 1]. He filed a supporting legal memorandum [Record No. 2]. He has paid the $5.00 filing fee.

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

RESPONDENT

The named respondent is the Federal Bureau of Prisons ("BOP"). The proper respondent in a § 2241 petition, however, would be Joe Booker, the warden of FMC-Lexington and the petitioner's custodian.

-1-

## CLAIMS

The petitioner argues that the BOP wrongly computes good conduct time credits for prisoners, including himself, and that he is serving a longer sentence than either Congress or his sentencing court intended. Specifically, he contends that under 28 U.S.C. §3624(b)(1), he is entitled to 54 days of Good Time Credit ("GTC") for each year of the term of his imprisonment. He claims that the BOP is improperly interpreting §3624 and awarding instead only 47 days of GTC each year of the sentence which he will actually serve after the deduction of GTC.

The petitioner has attached to his legal memorandum a document entitled "Sentence Monitoring Good Time Data As of 05-25-05" ("SMGTD"). The SMGTD reflects that the petitioner will satisfy the full term of his 178-month sentence (approximately 14 years, ten months) on October 5, 2013. At a rate of 54 days of GTC per year, for 14 years and ten months, the petitioner calculates that his total amount of GTC would be approximately 800 days. The BOP, however, calculates that the petitioner will receive 698 days of GTC. The BOP used the earlier date of August 3, 2012, as the basis for calculating the petitioner's GTC at 54 days per year, because it is the date upon which the BOP projects the petitioner will actually be released.

Thus, the BOP based its calculation of GTC on the basis of actual *time served*, not on the basis of the term of the sentence imposed. Under this calculation, the petitioner complains that his projected release date is being delayed by 100 days. He alleges that the BOP's failure to award him the requested GTC violates his right to due process of law under the Fifth Amendment of the United States Constitution.[1]

---

[1]

The petitioner states that he was convicted of a bank robbery offense under 18 U.S.C. § 2113(a) 2000, in the United States District Court for the Western District of Texas, Waco Division ("the trial court"). He states that on March 30, 2000, the trial court imposed a 178-month term of imprisonment, plus a three-year term of supervised release.

RELIEF REQUESTED

The petitioner asks to Court to enter an order directing the respondent and/or the BOP to recalculate his GTC and move his release date forward by 100 days.

## DISCUSSION
### 1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

### 2. Petition Does Not State Claim for Relief

The petitioner has not complied with the BOP's administrative remedies set forth in 28 C.F.R. §542.10-19 (1988). He claims that exhaustion would be futile. Although that is an erroneous conclusion, the Court must dismiss the instant petition with prejudice because it fails to state a claim on the merits.

The petitioner asserts that the BOP's interpretation of the relevant statutory language is contrary to the intent of Congress and the plain language of the statute. He also argues that his interpretation is consistent with the remainder of the statute and, therefore, should be adopted by the Court. He cites cases from other jurisdictions which he argues support his legal theory. He argues that the BOP's allegedly incorrect misinterpretation of the statute creates a liberty issue, since he will

be required to serve a much longer sentence than the term of imprisonment imposed (less good time credits) by this Court. He essentially contends that the BOP's interpretation creates a legal fiction which does an injustice to him.

The petitioner's arguments lack merit. In a previous §2241 habeas petition filed in this Court, *Petty v. Stine*, London Civil Action No. 05-63-DCR, petitioner Petty challenged the manner in which the BOP calculated good time credits. Petty raised the identical issue that Petitioner Robertson raises in the instant proceeding: that the BOP's calculation method deprives federal prisoners of several days of good time credit per year.

After careful evaluation of the issue, the Court dismissed Petty's petition, noting that "a number of reported and unreported cases have upheld the BOP's method of calculating good time credits and have rejected the petitioner's arguments. *See Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005) (noting that "the Sixth Circuit has also upheld the BOP's method of calculation in two unpublished opinions"); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1271 (9th Cir. 2001); *Moore v. Bureau of Prisons*, 2004 U.S. Dist. LEXIS 23272, (S. D. N. Y. Nov. 17, 2004); *Young v. Ashcroft*, 2004 U.S. Dist. LEXIS 24305 (D. Or. Nov. 16, 2004); *Sash v. Zenk*, 344 F. Supp. 2d 376 (E. D. N.Y. 2004); *Graves v. Bledsoe*, 334 F. Supp. 2d 906, 908 (W.D. Va. 2004)." [*See* 05-CV-63-DCR, Mem. Op. & Order, Record No.4, pp. 2-3].

On September 21, 2005, the Sixth Circuit affirmed the Court's dismissal of Petty's habeas petition in a succinct, published opinion. *See Petty v. Stine*, 424 F.3d 509 (6th Cir. 2005). The Sixth Circuit stated as follows:

> The BOP's interpretation of the statute is reasonable. *Brown v. Hemingway*, No. 02-1948, 2002 WL 31845147, at *1 (6th Cir. Dec.16, 2002) (unpublished); *see also Williams v. Lamanna*, No. 01-3198, 2001 WL 1136069, at *1 (6th Cir. Sept.19,

2001) (unpublished). For further discussion, *see Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005) (unpublished); *O'Donald v. Johns*, 402 F.3d 172, 173-74 (3d Cir.2005); *Perez-Olivio v. Chavez*, 394 F.3d 45, 47-54 (1st Cir.2005); and *White v. Scibana*, 390 F.3d 997, 999-1003 (7th Cir.2004), *cert. denied*, --- U.S. ----, 125 S. Ct. 2921, 162 L. Ed.2d 297 (2005) (all upholding the BOP interpretation).

*Petty v. Stine*, 424 F.3d at 510. *See also* other recent decisions of this Court which adopt the *Petty* decision: *Butler v. Samuels*, 2005 WL 3440483,*5 (E.D. Ky., December 14, 2005); *Hamilton v. Hastings*, 2005 WL 3115270,*2 (E. D. Ky., Nov 21, 2005); and *Miles v. O'Brien*, 2005 WL 2544796, *2 (E.D. Ky., Oct 11, 2005).

The highest appellate authority in this Circuit rejected the same claim four months ago. For this reason, the Court dismisses Petitioner Robertson's §2241 petition, with prejudice, as frivolous. Further, the Court will not certify that an appeal of this decision would be taken in good faith.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** that this action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This the 14th day of January, 2006.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: